**Khandaker Mahmud ALI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4211–ag.

United States Court of Appeals, Second Circuit.

Nov. 3, 2006.

Alfonso F. Ramos, New York, NY, for Petitioner.

David O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, OK, for Respondent.

Present DENNIS JACOBS, Chief Judge, JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it

is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Khandaker Mahmud Ali, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") William F. Jankun's decision denying his application for asylum. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Substantial evidence supports the IJ's adverse credibility finding in this case as there were numerous discrepancies between Ali's testimony and the supplemental statements he submitted in support of his written application.[1] For example,

---

1. The IJ correctly limited his consideration of Ali's credibility to his two supplemental statements and his testimony, omitting any consideration of the original application because it

Ali's second supplemental statement said that he was beaten during his first arrest, but Ali made no mention of a beating during his testimony; Ali's second supplemental statement made no reference to one of the major events described in his testimony—the September 1991 ransacking of his house when BNP "muscle men" vandalized his family's house and broke "everything"; and Ali's first supplemental statement said that after his time in a detention center, he was unconscious in a hospital for several days, but Ali made no mention of being unconscious in either his testimony or his second supplemental statement. These inconsistencies and discrepancies were central to Ali's claim of persecution. Viewing the record as a whole, the adverse credibility finding was a reasonable one. *See Tu Lin,* 446 F.3d at 402; *Jin Chen v. DOJ,* 426 F.3d 104, 113 (2d Cir.2005).

■ Because the IJ's adverse credibility determination is supported by substantial evidence, we do not reach his alternative finding that Ali failed to meet his burden of proof for asylum. Ali has waived his withholding and CAT claims by failing to raise them in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005) (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998)).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

was prepared by an attorney who was later disbarred and imprisoned in connection with

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

his fraudulent preparation of asylum applications.